IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PAUL GAUJOT and CHARLES CARY DAVIS, on behalf of themselves and all others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> WESLEY FINANCIAL GROUP, LLC, <br><br> *Defendant.* | COLLECTIVE ACTION <br><br> CASE NO. _____ <br><br> JUDGE _____ <br><br> JURY DEMAND |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiffs Paul Gaujot and Charles Cary Davis ("Plaintiffs") bring this collective action, pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") on behalf of themselves and all similarly situated individuals who worked for Defendant Wesley Financial Group, LLC ("Defendant" or "Wesley Financial") and were paid by the hour, plus commissions and/or bonuses. Through this litigation, Plaintiffs seek to remedy Defendant's failure to pay the Plaintiffs and those similarly situated individuals they seek to represent all unpaid or underpaid overtime to which they are entitled under the law.

2. Defendant owns and operates a time share cancelation company. Plaintiffs and the those they seek to represent worked for Defendant as hourly employees. Defendant paid Plaintiffs and those they seek to represent an hourly wage over $7.25 per hour, plus additional payments Defendant categorizes as "commissions" and "bonuses" on its employees' paychecks. Defendant, however, failed to satisfy its overtime obligations to the Plaintiffs and those similarly situated individuals they seek to represent by failing to include all earned additional payments, such as "commissions" and/or "bonuses," when calculating each their regular rate of pay for overtime purposes.

3. As a result of these violations, Defendant has failed to pay the required overtime wage, pursuant to 29 U.S.C. § 207. Plaintiffs and those similarly situated they seek to represent are therefore entitled to recover all unpaid and underpaid overtime wages for hours worked over 40 in a workweek, an equal amount in liquidated damages, and all attorney's fees, costs, and expenses incurred in pursuit of this litigation. 29 U.S.C. § 216(b). Plaintiffs assert these FLSA claims as a collective action, on behalf of themselves and all other similarly situated pursuant to 29 U.S.C. § 216(b).

## I. JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and raise a federal question pursuant to 28 U.S.C. § 1331.

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant resides in this judicial district and conducts business in this district.

## II. PARTIES

6. Plaintiff Paul Gaujot is over the age of nineteen (19) and is a resident of Brentwood, Tennessee. Plaintiff Gaujot was employed by Defendant from approximately March 2022 to approximately September 2022. Plaintiff Gaujot spent approximately the first two (2) weeks of his employment training to work as a Qualification Specialist and approximately one (1) week working as a Qualification Specialist. Plaintiff Gaujot then went on to work for Defendant as a Vice President and remained in this Vice President role for the remainder of his employment. As both a Qualification Specialist and Vice President Plaintiff Gaujot was paid by the hour, plus commissions and/or bonuses. Throughout his employment, Plaintiff Gaujot worked out of Defendant's Tennessee headquarters or main office.

7. Plaintiff Charles Cary Davis is over the age of nineteen (19) and is a resident of Las Vegas, Nevada. Plaintiff Davis was employed by Defendant as a Qualification Specialist from approximately March 2022 to approximately May 2023. As a Qualification specialist, Plaintiff Davis was paid by the hour, plus commissions and/or bonuses. Throughout his employment, Plaintiff Davis worked both in-person and remotely out of Defendant's Nevada office.

8. Defendant Wesley Financial Group, LLC is a Tennessee limited liability company with its principal office located at 9009 Carothers Parkway, Suite B-3, Franklin, TN 37067-1704. Wesley Financial Group, LLC's registered agent for service of process is Charles W. McDowell, located at 9009 Carothers Parkway, Suite B-3, Franklin, TN 37067-1704.

### III. FACTS

9. Plaintiffs and the similarly situated individuals they seek to represent are current and former employees who worked for Defendant and who were paid by the hour, plus commissions and/or bonuses.

10. Defendant paid Plaintiffs and the similarly situated individuals they seek to represent an hourly rate of pay, plus additional payments Defendant categorized as "commissions" and/or "bonuses" on their paychecks.

11. Plaintiffs and the similarly situated individuals they seek to represent regularly worked over 40 hours per workweek.

12. Defendant did not factor in the additional payments Plaintiffs and the similarly situated individuals they seek to represent earned (*i.e.*, the payments categorized by Defendants as "commissions" and/or "bonuses" on their paychecks) when calculating their regular rate of pay for overtime purposes.

13. Defendant was sued within the last year-and-a-half for this exact same FLSA

3

overtime violation (the "*Dalessandris* action"). *See Dalessandris v. Wesley Financial Group, LLC*, Case No. 3:22-cv-00740, (M.D. Tenn. Sept. 22, 2022) (Doc. No. 1).

14. Since the *Dalessandris* action, Defendant has not changed the way it calculates its hourly-paid employees' regular rate of pay for overtime purposes. A recent example of this miscalculation and underpayment of overtime wages is attached as Exhibit A.

15. Defendant willfully violated the FLSA by having a policy and/or practice of miscalculating the overtime pay of Plaintiffs' and the similarly situated individuals they seek to represent—and continuing said policy and/or practice after it was brought to Defendant's attention at least as early as the filing of the *Dalessandris* action.

## IV. COLLECTIVE ACTION ALLEGATIONS

16. Plaintiffs asserts their FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of all similarly situated individuals who fall into the following definition and join this action by filing a consent form:

> All current and former employees of Defendant who were paid by the hour plus commissions and/or bonuses at any time since November 13, 2020.

(the "Potential Opt-In Plaintiffs").

17. Potential Opt-In Plaintiffs include, but are not limited to, Vice Presidents, Qualification Specialists, and employees who worked in quality assurance.

18. Plaintiffs' FLSA claims should proceed as a collective action because Plaintiffs and the Potential Opt-In Plaintiffs worked pursuant to the common pay policies and/or practices described herein. Accordingly, Plaintiffs and those they seek to represent are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and associated decisional law.

4

# V. CAUSES OF ACTION

## COUNT I
**Violations of the FLSA's Overtime Wage Requirements**

19. All previous paragraphs are incorporated as though fully set forth herein.

20. Plaintiffs assert this claim on behalf of themselves and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

21. At all times material to the allegations herein, Plaintiffs and those they seek to represent were employees of Defendant and entitled to the FLSA's protections.

22. Defendant is an employer covered by the FLSA.

23. The FLSA requires employees be paid for all time worked.

24. The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over forty (40) hours in a workweek. *See* 29 U.S.C. § 207.

25. The regulations provide a general standard for overtime pay. "The general overtime pay standard in section 7(a) requires that overtime must be compensated at a rate not less than one and one-half times *the regular rate* at which the employee is actually employed." 29 C.F.R. § 778.107 (emphasis added).

26. The regulations define "regular rate." "The *regular hourly rate* of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109 (emphasis added).

27. The regulations further provide:

> Commissions (whether based on a percentage of total sales or of sales in excess of a specified amount, or on some other formula) are payments for hours worked and *must be included in the regular rate*. This is true

5

regardless of whether the commission is the sole source of the employee's compensation or is paid in addition to a guaranteed salary or hourly rate, or on some other basis, and regardless of the method, frequency, or regularity of computing, allocating and paying the commission. It does not matter whether the commission earnings are computed daily, weekly, biweekly, semimonthly, monthly, or at some other interval. The fact that the commission is paid on a basis other than weekly, and that payment is delayed for a time past the employee's normal pay day or pay period, does not excuse the employer from including this payment in the employee's regular rate.

29 C.F.R. § 778.117 (emphasis added).

28. By calculating the overtime rate of pay for Plaintiffs' and the similarly situated individuals they seek to represent using only their hourly wage, Defendant failed to pay Plaintiff and those they seek to represent one and one-half times their regular rate of pay in violation of 29 U.S.C. § 207.

29. Further, by failing to pay Plaintiffs and the similarly situated individuals they seek to represent for all hours worked, Defendant failed pay Plaintiff and those they seek to represent proper overtime wages at one and one-half times their regular rate of pay for all hours worked over forty (40) hours in a workweek in violation of 29 U.S.C. § 207.

30. Defendant's violations of the FLSA were willful because Defendant knew or should have known that their pay policies and/or practices violate clearly applicable FLSA provisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief on behalf of themselves and all others similarly situated:

A. Authorization to issue notice pursuant to 29 U.S.C §216(b) at the earliest possible time to all Potential Opt-In Plaintiffs during the three years immediately preceding the filing of this action informing them that this action has been filed, the nature of the action, and of their right to opt into this lawsuit if they were not paid overtime compensation as required by the FLSA;

6

B. A finding that the Defendant has violated the FLSA;

C. A finding that Defendant's FLSA violations are willful;

D. A judgment against Defendant and in favor of Plaintiffs and all similarly situated employees for compensation for all unpaid and underpaid wages that Defendant has failed and refused to pay in violation of the FLSA;

E. Prejudgment interest to the fullest extent permitted under the law;

F. Liquidated damages to the fullest extent permitted under the FLSA;

G. Litigation costs, expenses, and Plaintiffs' attorneys' fees to the fullest extent permitted under the FLSA and the Federal Rules of Civil Procedure; and

H. Such other and further legal and equitable relief as may be appropriate.

## VII. JURY DEMAND

Plaintiffs demand a jury as to all claims so triable.

Date: November 13, 2023

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**JOSHUA A. FRANK (No. 33294)**
**NICOLE A. CHANIN (No. 40239)**
BARRETT JOHNSTON MARTIN & GARRISON, PLLC
200 31st Avenue North
Nashville, TN 37203
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com

**MATHEW R. ZENNER (No. 018969)**
*ZENNER LAW, PLLC*
320 Seven Springs Way, Suite 250
Brentwood, TN 37027
Telephone: (615) 425-3476
mrzennerlaw@gmail.com

*Attorneys for Plaintiff*