IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PAUL GAUJOT AND CHARLES CARY DAVIS, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

WESLEY FINANCIAL GROUP, LLC,

    Defendant.

No. 3:23-cv-01188

JUDGE RICHARDSON

## **ORDER**

In this so-called "collective action" brought under the Fair Labor Standards Act (under 29 U.S.C. § 216(b) specifically), the parties filed a joint stipulation of dismissal (Doc. No. 66, "Stipulation"), which was signed by counsel for Defendant and counsel for Plaintiffs.[1] Under Fed. R. Civ. P. 41(a)(1)(A)(ii), the Stipulation sufficed to dismiss this matter without any action on the part of the Court. The Stipulation states that the dismissal is with prejudice, and thus under Rule 41(a)(1)(B) the dismissal in fact is with prejudice. Accordingly, the Court acknowledges that this action has been **DISMISSED WITH PREJUDICE** effective as of the time of the filing of the Stipulation.

The Clerk of the Court is **DIRECTED** to enter final judgment under Federal Rule of Civil Procedure 58 and close the file.

---

[1] The Court notes that the language included in the Stipulation states that "Plaintiffs" refers specifically to "Named Plaintiffs Paul Gaujot and Charles Cary Davis, on behalf of themselves and the Opt-In Plaintiffs." (Doc. No. 66 at 1). The point of the language appears to be that the parties do not purport to dismiss (let alone dismiss *with prejudice*) the claims of anyone who is not a Named Plaintiff or an Opt-in Plaintiff, even if they were similarly situated to Named Plaintiffs and could have opted in.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE